IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA LAMARK,

     Plaintiff,

     v.                  CIV S-11-1440 CKD

WALIA AARTI, et al.,         STATUS (PRETRIAL

     Defendants.        SCHEDULING) ORDER

_____/

**STATUS (PRETRIAL SCHEDULING) ORDER**

      READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

      Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on October 19, 2011.  Hearing was also held on plaintiff's motion to amend the complaint.  Jason Singleton appeared for plaintiff.  Zachary Best appeared telephonically for defendants.

/////

/////

1

1    After hearing, the court makes the following findings and orders:

2    **SERVICE OF PROCESS**

3    All defendants have been served and no further service is permitted except with

4    leave of court, good cause having been shown.

5    **JOINDER OF PARTIES/AMENDMENTS**

6    The motion to amend the complaint (dkt. no. 14) is granted.[1]  The answer

7    previously filed (dkt. no. 7) is deemed the answer to the first amended complaint.  No further

8    joinder of parties or amendments to pleadings is permitted except with leave of court, good cause

9    having been shown.

10   **JURISDICTION/VENUE**

11   Jurisdiction is undisputed and is hereby found to be proper, as is venue.

12   **DISCOVERY**

13   The parties shall make initial disclosures under Federal Rule of Civil Procedure

14   26 no later than October 26, 2011.

15   The parties shall designate in writing and file with the court and serve upon the

16   opposing party the names of any experts that the party proposes to tender at trial no later than

17   August 3, 2012.  Rebuttal experts shall be disclosed no later than September 7, 2012.  All experts

18   so designated are to be fully prepared to render an informed opinion at the time of designation so

19   that they may fully participate in any deposition taken by the opposing party.  Experts will not be

20   permitted to testify at the trial as to any information gathered or evaluated, or opinion formed,

21

22   [1] A comparison of the allegations in paragraph four of the five complaints recently filed by
counsel Singleton on behalf of plaintiff LaMark demonstrates that counsel's claim of clerical error

23   in drafting the complaint appears to be well taken.  See 11-2010, 11-1983, 11-1098 (allegations of
paragraph 4 all different from each other); cf. 11-1406 (complaint filed 5/24/11) has same allegations

24   in paragraph 4 as instant case, 11-1440 (complaint filed 5/27/11).  The court does not find an award
of attorney's fees is warranted in this matter.  See General Signal Corp. v. MCI Telecommunications

25   Corp., 66 F.3d 1500, 1514 (9th Cir. 1995) ("court, in its discretion, may impose costs pursuant to
Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for

26   additional costs incurred because the original pleading was faulty").

1  after deposition taken subsequent to designation.  An expert witness not listed in the party's

2  designation of witnesses will not be permitted to testify unless the party offering the witness

3  demonstrates that:  (a) the necessity of the witness could not have been reasonably anticipated at

4  the time the lists were exchanged; (b) the court and opposing counsel were promptly notified

5  upon discovery of the witness; and (c) the witness was promptly proffered for deposition.

6          All non-expert discovery is left open, save and except that it shall be so conducted

7  as to be completed by October 3, 2012.  Expert discovery shall be completed by November 14,

8  2012.  The word "completed" means that all discovery shall have been conducted so that all

9  depositions have been taken and any disputes relative to discovery shall have been resolved by

10  appropriate order if necessary and, where discovery has been ordered, the order has been

11  complied with.

12  **MOTION HEARING SCHEDULE**

13          All law and motion except as to discovery is left open, save and except that it

14  shall be conducted so as to be completed by December 5, 2012.  The word "completed" in this

15  context means that all law and motion matters must be heard by the above date.  The parties are

16  cautioned to refer to the local rules regarding the requirements for noticing such motions on the

17  court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions

18  for continuances, temporary restraining orders or other emergency applications, and is subject to

19  any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

20          The parties should keep in mind that the purpose of law and motion is to narrow

21  and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues

22  that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to

23  identify and fully research the issues presented by the case, and then examine those issues in light

24  of the evidence gleaned through discovery.  If it appears after examining the legal issues and

25  facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate

26  motion by the law and motion cutoff set forth supra.

1    ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

2  PRETRIAL MOTION.  The parties are reminded that motions in limine are procedural devices

3  designed to address the admissibility of evidence.  THE PARTIES ARE CAUTIONED THAT

4  THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS

5  PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

6  **FINAL PRETRIAL CONFERENCE**

7    The Final Pretrial Conference is set in courtroom no. 26 before the undersigned on

8  February 13, 2013 at 11:00 a.m.

9    The parties are to be fully prepared for trial at the time of the Pretrial Conference,

10  with no matters remaining to be accomplished except production of witnesses for oral testimony.

11  The parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing

12  Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL

13  BE GROUNDS FOR SANCTIONS.

14    Notwithstanding the provisions of Local Rule 281, which contemplates the filing

15  of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a JOINT

16  STATEMENT with respect to the undisputed facts and disputed factual issues of the case.  The

17  undisputed facts and disputed factual issues are to be set forth in two separate sections.  The

18  parties should identify those facts which are relevant to each separate cause of action.  In this

19  regard, the parties are to number each individual fact or factual issue.  Where the parties are

20  unable to agree as to what factual issues are properly before the court for trial, they should

21  nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of

22  the parties and explain by parenthetical the controversy concerning each issue.  The parties

23  should keep in mind that, in general, each fact should relate or correspond to an element of the

24  relevant cause of action.  The parties should also keep in mind that the purpose of listing the

25  disputed factual issues is to apprise the court and all parties about the precise issues that will be

26  litigated at trial.  The court is not interested in a listing of all evidentiary facts underlying the

1  issues that are in dispute.[2]  The joint statement of undisputed facts and disputed factual issues is

2  to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case

3  is tried to a jury, the undisputed facts will be read to the jury.

4          Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in

5  their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no

6  matter for what purpose.  These lists shall not be contained in the Pretrial Statement itself, but

7  shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

8  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.

9  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at

10  trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly

11  applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to

12  call or use will be viewed as an abuse of the court's processes.

13          The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their

14  duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and

15  the elimination of frivolous claims or defenses; (b) settling of facts which should be properly

16  admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  The parties must

17  prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with

18  these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF

19  SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of

20  claims or defenses, or such other sanctions as the court deems appropriate.

21  **TRIAL SETTING**

22          Trial is set for March 11, 2013 at 9:00 a.m. in courtroom no. 26 before the

23  undersigned.  Trial will be by jury.  The court expects the trial will take approximately four days.

24  /////

25

26  [2]  However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

**SETTLEMENT CONFERENCE**

If the parties determine a settlement conference would be beneficial, the courtroom deputy may be contacted to arrange a date for the settlement conference or for referral to the court's Voluntary Dispute Resolution Program.  In absence of a waiver of disqualification of the undersigned, the settlement conference will be set before another magistrate judge.

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. The motion to amend (dkt. no. 14) is granted.  The Clerk of Court is directed to file the proposed amended complaint (dkt. no. 14-1) as the first amended complaint.  The answer filed July 12, 2011 (dkt. no. 7) is deemed the answer to the first amended complaint.

2. Initial disclosures shall be made no later than November 16, 2011.

3. Expert disclosures shall be made no later than August 3, 2012.

4. Rebuttal expert disclosures shall be made no later than September 7, 2012.

5. Non-expert discovery shall be completed by October 3, 2012.

6. Expert discovery shall be completed by November 14, 2012.

7. All pretrial motions, except motions to compel discovery, shall be completed by December 5, 2012.

8. Pretrial conference is set for February 13, 2013 at 11:00 a.m.in courtroom no. 26 before the undersigned.

////

////

////

////

1    9.   This matter is set for jury trial on March 11, 2013 at 9:00 a.m. in courtroom

2  no. 26 before the undersigned.

3    Dated: October 19, 2011

4    _____

5    CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

6

7  4 lamark-aarti.oas.ckd

7