IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSHUA LAMARK,

    Plaintiff,

    v.                                  CIV S-11-1440 CKD

WALIA AARTI, et al.,                <u>STATUS (PRETRIAL</u>

    Defendants.                   <u>SCHEDULING) ORDER</u>

_____/

**STATUS (PRETRIAL SCHEDULING) ORDER**

        READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

        Pursuant to court order, a Status (Pretrial Scheduling) Conference was held on October 19, 2011.  Hearing was also held on plaintiff's motion to amend the complaint.  Jason Singleton appeared for plaintiff.  Zachary Best appeared telephonically for defendants.

/////

/////

1

After hearing, the court makes the following findings and orders:

**SERVICE OF PROCESS**

All defendants have been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

The motion to amend the complaint (dkt. no. 14) is granted.[1]  The answer previously filed (dkt. no. 7) is deemed the answer to the first amended complaint.  No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

**JURISDICTION/VENUE**

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

**DISCOVERY**

The parties shall make initial disclosures under Federal Rule of Civil Procedure 26 no later than October 26, 2011.

The parties shall designate in writing and file with the court and serve upon the opposing party the names of any experts that the party proposes to tender at trial no later than August 3, 2012.  Rebuttal experts shall be disclosed no later than September 7, 2012.  All experts so designated are to be fully prepared to render an informed opinion at the time of designation so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed,

---

[1] A comparison of the allegations in paragraph four of the five complaints recently filed by counsel Singleton on behalf of plaintiff LaMark demonstrates that counsel's claim of clerical error in drafting the complaint appears to be well taken. See 11-2010, 11-1983, 11-1098 (allegations of paragraph 4 all different from each other); cf. 11-1406 (complaint filed 5/24/11) has same allegations in paragraph 4 as instant case, 11-1440 (complaint filed 5/27/11). The court does not find an award of attorney's fees is warranted in this matter. See General Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1514 (9th Cir. 1995) ("court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty").

1  after deposition taken subsequent to designation.  An expert witness not listed in the party's
2  designation of witnesses will not be permitted to testify unless the party offering the witness
3  demonstrates that:  (a) the necessity of the witness could not have been reasonably anticipated at
4  the time the lists were exchanged; (b) the court and opposing counsel were promptly notified
5  upon discovery of the witness; and (c) the witness was promptly proffered for deposition.

6        All non-expert discovery is left open, save and except that it shall be so conducted
7  as to be <u>completed</u> by October 3, 2012.  Expert discovery shall be completed by November 14,
8  2012.  The word "completed" means that all discovery shall have been conducted so that all
9  depositions have been taken and any disputes relative to discovery shall have been resolved by
10 appropriate order if necessary and, where discovery has been ordered, the order has been
11 complied with.

12 **MOTION HEARING SCHEDULE**

13       All law and motion except as to discovery is left open, save and except that it
14 shall be conducted so as to be completed by December 5, 2012.  The word "completed" in this
15 context means that all law and motion matters must be heard by the above date.  The parties are
16 cautioned to refer to the local rules regarding the requirements for noticing such motions on the
17 court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions
18 for continuances, temporary restraining orders or other emergency applications, and is subject to
19 any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

20       The parties should keep in mind that the purpose of law and motion is to narrow
21 and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues
22 that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to
23 identify and fully research the issues presented by the case, and then examine those issues in light
24 of the evidence gleaned through discovery.  If it appears after examining the legal issues and
25 facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate
26 motion by the law and motion cutoff set forth <u>supra</u>.

1  ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY
2  PRETRIAL MOTION.  The parties are reminded that motions in limine are procedural devices
3  designed to address the admissibility of evidence.  THE PARTIES ARE CAUTIONED THAT
4  THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS
5  PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

**FINAL PRETRIAL CONFERENCE**

7  The Final Pretrial Conference is set in courtroom no. 26 before the undersigned on
8  February 13, 2013 at 11:00 a.m.
9  The parties are to be fully prepared for trial at the time of the Pretrial Conference,
10 with no matters remaining to be accomplished except production of witnesses for oral testimony.
11 The parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing
12 Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL
13 BE GROUNDS FOR SANCTIONS.
14 Notwithstanding the provisions of Local Rule 281, which contemplates the filing
15 of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a JOINT
16 STATEMENT with respect to the undisputed facts and disputed factual issues of the case.  The
17 undisputed facts and disputed factual issues are to be set forth in two separate sections.  The
18 parties should identify those facts which are relevant to each separate cause of action.  In this
19 regard, the parties are to number each individual fact or factual issue.  Where the parties are
20 unable to agree as to what factual issues are properly before the court for trial, they should
21 nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of
22 the parties and explain by parenthetical the controversy concerning each issue.  The parties
23 should keep in mind that, in general, each fact should relate or correspond to an element of the
24 relevant cause of action.  The parties should also keep in mind that the purpose of listing the
25 disputed factual issues is to apprise the court and all parties about the precise issues that will be
26 litigated at trial.  The court is not interested in a listing of all evidentiary facts underlying the

issues that are in dispute.[2]  The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.  Plaintiff's exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>.  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**<u>TRIAL SETTING</u>**

Trial is set for March 11, 2013 at 9:00 a.m. in courtroom no. 26 before the undersigned.  Trial will be by jury.  The court expects the trial will take approximately four days.

/////

---

[2] However, with respect to the listing of <u>un</u>disputed facts, the court will accept agreements as to evidentiary facts.

**SETTLEMENT CONFERENCE**

If the parties determine a settlement conference would be beneficial, the courtroom deputy may be contacted to arrange a date for the settlement conference or for referral to the court's Voluntary Dispute Resolution Program. In absence of a waiver of disqualification of the undersigned, the settlement conference will be set before another magistrate judge.

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. The motion to amend (dkt. no. 14) is granted. The Clerk of Court is directed to file the proposed amended complaint (dkt. no. 14-1) as the first amended complaint. The answer filed July 12, 2011 (dkt. no. 7) is deemed the answer to the first amended complaint.

2. Initial disclosures shall be made no later than November 16, 2011.

3. Expert disclosures shall be made no later than August 3, 2012.

4. Rebuttal expert disclosures shall be made no later than September 7, 2012.

5. Non-expert discovery shall be completed by October 3, 2012.

6. Expert discovery shall be completed by November 14, 2012.

7. All pretrial motions, except motions to compel discovery, shall be completed by December 5, 2012.

8. Pretrial conference is set for February 13, 2013 at 11:00 a.m. in courtroom no. 26 before the undersigned.

////
////
////
////

9. This matter is set for jury trial on March 11, 2013 at 9:00 a.m. in courtroom no. 26 before the undersigned.

Dated: October 19, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 lamark-aarti.oas.ckd